## CIRCUIT COURT OF ARLINGTON COUNTY

Barnes

v.

Crystal Plaza et al.

May 16, 1977

Case No. (Law) 19014-A

By JUDGE WILLIAM L. WINSTON

This case is before the Court on the Defendants' Motion for Summary Judgment under Rule 3:18. The parties have agreed that consideration may be given to the Plaintiff's deposition taken on February 8, 1977. Pages 18 through 24 of the deposition were read.

Generally speaking when a patron signs an agreement exempting an amusement facility from liability for negligence, no action will lie. See the annotation in 8 A.L.R.3d 1393. Exceptions to the rule allowing enforcement of exculpatory agreements involve infants, the employer-employee relationship, and common carriers when acting as such.

There is no Virginia case in point with the case at bar. In Virginia a statute prohibits a transportation company by contract from exempting itself from liability for its own negligence as a common carrier. Va. Code, Sec. 56-119. In *Johnson's Adm. v. R. & D. R.R. Co.*, 86 Va. 975 (1890), a railroad was sued for negligently causing the death of an employee of a quarrying company. The trial court had sustained the provision in a contract barring suits against the railroad. The Supreme Court, in reversing, used broad and sweeping language declaring the clause to be void as against public policy independently of the statue dealing with railroads. The opinion further stated

in dictum that the doctrine was not confined to the contracts of carriers, but was of universal application.

Thereafter the statute was modified to limit its applicability to transportation companies while acting as common carriers. This change has been recognized in the cases. *C. & O. Ry. Co.* v. *Telephone Co.*, 216 Va. 858 (1976); *Aetna Ins. Co.* v. *Atlantic Coast Line RR. Co.*, 79 F.2d 463 (4th Cir. 1935). These decisions clearly recognize that a railroad not acting as a common carrier may exempt itself, by contract from liability for negligence. The principle has been called sound. *Cacey* v. *Virginia Ry. Co.*, 85 F.2d 976 (4th Cir. 1936)

Since the General Assembly has addressed the problem in specific instances, i.e., railroads and innkeepers, it would appear that the legislature regards the enforceability of exculpatory clauses generally as valid and supported by the public policy of the state.

At the oral argument of the motion in this case, reference was made to several issues of fact that may be present which would preclude the Court's entering summary judgment for the Defendants at this time. Those were that the Plaintiff did not intend to join a bona fide club and that she did not intend to be bound by the language on the card which she signed. The first does not appear to be relevant, or necessary for decision, and the latter is not an issue of fact that would be submitted to the jury, but rather a question of law to be ruled upon by the Court. No issue of fact exists as to the presence of the printed materials on the card, knowledge of that fact by the Plaintiff and the fact of her signature. The legal effect of those circumstances is for the Court's determination.

In view of the foregoing the Defendant's Motion for Summary Judgment is granted.